PATRICIA AULICH, Plaintiff-Appellee and Cross-Appellant, *v.* AETNA LIFE
INSURANCE COMPANY *et al.*, Defendants-Appellants and Cross-Appellees.

Fourth District No. 17011

Opinion filed November 13, 1981.

Edward W. Huntley, of Gillespie, Cadigan & Gillespie, of Springfield, for
appellants.

Kepner and Giganti, of Springfield (Maurice W. Kepner, of counsel), for
appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendants, Aetna Life Insurance Co. (Aetna) and The Travelers
Insurance Co. (Travelers), appeal from a judgment of the circuit court of
Sangamon County entered January 28, 1981, after the bench trial of a suit
brought to recover benefits on two life insurance policies. That court
awarded plaintiff, Patricia Aulich, $38,000 plus costs from Aetna and
$2,000 plus costs from Travelers as beneficiary of her deceased husband,
Jerry Aulich, under the policies. Plaintiff cross-appeals from that part of
the judgment denying her prejudgment interest.

The suit was filed September 27, 1978. Both policies provided for
triple indemnity benefits in the event the insured succumbed to an occu-
pational accident as defined in the policies. Defendants had paid plaintiff
double indemnity benefits payable because the death was accidental but
denied she was entitled to triple indemnity benefits. The trial court found
plaintiff was entitled to triple indemnity benefits and entered judgment
accordingly. The court denied plaintiff's request for prejudgment inter-
est. The defendants maintain on appeal the trial court erred in holding
that the decedent's death resulted from an occupational accident. On
cross-appeal, plaintiff maintains she should have received interest on the
benefits from the time of proof of death from an occupational accident.

The term "occupational accident" was defined in the Travelers'
policy as "accidental body injury sustained by an Employee while doing

any act or thing pertaining to his occupation or employment with the Employer and for which he is entitled to indemnity in accordance with the provisions of any workmen's compensation or similar law." The Aetna policy stated additional benefits will be paid "if the accident which caused the injuries occurred while the Employee was performing the duties of his occupation with the Employer * * *."

The parties stipulated to the following facts. The decedent resided in the Village of Chatham, Illinois, and was employed by the Commonwealth Edison Company as a maintenance electrician in Kincaid, about a 30-minute drive from decedent's home. He regularly worked from 7:30 a.m. to 4 p.m. Monday through Friday. On Sunday, October 2, 1977, he received a telephone call at approximately 7 a.m. requesting he report to the Kincaid plant to repair an elevator.

The decedent started work on that day at 8 a.m. and finished at 10:30 a.m. He then left the plant to join plaintiff for a noon "potluck" lunch at his church in Chatham. The decedent stopped to purchase gas for his car and then proceeded to church. His car was struck by a train at a railroad crossing approximately 40 minutes after he left the plant. He sustained injuries from which he died the same day. The accident occurred at a crossing located 3.5 miles from his home and 1.5 miles from the church.

Normally, the decedent was not compensated for the time he spent travelling to and from work, but the collective bargaining agreement between him and his employer provided for additional compensation of two hours straight time pay as a "travel time allowance" if any employee were called back to work outside his regular work schedule and worked fewer than eight overtime hours.

Simultaneous with filing the civil suit, plaintiff instituted proceedings before the Industrial Commission against Commonwealth Edison to recover worker's compensation benefits. The primary issue before the arbitrator was whether the decedent was acting within the course of his employment when he was driving from the plant. The Commission decided affirmatively. That ruling was affirmed by the circuit court of Sangamon County and in turn by the supreme court in *Commonwealth Edison Co. v. Industrial Com.* (1981), 86 Ill. 2d 534.

The supreme court recognized that generally, injuries sustained by an employee in going to or returning from work do not arise out of or in the course of the employment and are not compensable. (*Hindle v. Dillbeck* (1977), 68 Ill. 2d 309, 318, 370 N.E.2d 165, 169.) However, the court deemed the instant situation to come within the exception existing when the employee has been paid an identifiable sum as compensation for the time spent in travel.

The Travelers' policy expressly stated triple indemnity benefits would be paid for occupational accidents "in accordance with the pro-

visions of any workmen's compensation or similar law." The Aetna policy did not directly tie these added benefits to worker's compensation but provided triple indemnity benefits if the accident occurred "while the Employee was performing the duties of his occupation with the Employer * * *." It is clearly within the holding of the supreme court in the worker's compensation case that the death was one which occurred while the employee was performing the duties of his occupation with the employer. We therefore deem the precedent of that decision to control our decision here. The trial court properly awarded triple indemnity benefits.

Plaintiff claims she is entitled to prejudgment interest on the benefits awarded her by the trial court. By virtue of section 2 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 2), prejudgment interest attaches upon "all moneys after they become due on any bond, bill, promissory note, or other instrument of writing * * *." In *Central National Chicago Corp. v. Lumbermens Mutual Casualty Co.* (1977), 45 Ill. App. 3d 401, 359 N.E.2d 797, the court held an insurance policy to be an "instrument of writing" within the meaning of the Interest Act and recognized that interest may be recovered from the time money becomes due under a policy.

Both of defendants' life insurance policies provided that additional benefits would be paid upon receipt of due proof that (1) the death resulted from accidental bodily injuries, (2) the injuries were sustained while the employee was insured under the policy, and (3) the death occurred within 90 days after the accident. When proof of these three items was made the beneficiary was then entitled to double indemnity for loss of life which "result[ed] from a nonoccupational accident" or triple indemnity for loss of life which "result[ed] from an occupational accident." The language of the policies indicated that the additional benefits became due upon proof that the injuries either did or did not occur while the employee was performing the duties of his occupation.

In paragraphs 8 of count I and 7 of count II of the complaint, plaintiff alleged she and the insured had each performed all of the conditions of the policies that they were required to perform. Defendants admitted the allegations of those paragraphs in their answer. Therefore, it is undisputed that proper proof of loss was submitted within the 60-day period required by the policies. No dispute existed as to the facts. Rather, the dispute was as to the legal question of whether the arrangement between the decedent and his employer caused the occurrence to come within the triple indemnity requirements of the policy. Prejudgment interest is due upon insurance benefits where, as here, the sum due is subject to exact computation even though the insurer has a good faith legal defense. (*Central National Chicago Corp.; Martin v. Orvis Brothers & Co.* (1974), 25 Ill. App. 3d 238, 323 N.E.2d 73.) This case differs from *St. Joseph Hospital v.*

*Corbetta Construction Co.* (1974), 21 Ill. App. 3d 925, 316 N.E.2d 51, where the sum upon which interest was claimed arose out of a construction contract, had not been certified by the project architect, and was not determined until the decision of the trial court.

The plaintiff was entitled to prejudgment interest at the statutory rate of 5 percent from December 2, 1977, the end of the period within which proof of loss was made, until judgment was entered on January 28, 1981. The case must be remanded to the trial court for computation of that interest.

The portion of the judgment finding plaintiff entitled to the triple indemnity award is affirmed. The portion denying prejudgment interest is reversed. The case is remanded for further proceedings in accordance with this opinion.

Affirmed in part; reversed in part; remanded.

WEBBER and MILLS, JJ., concur.